UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

GEORGE PEMBERTON,

                            Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer JUDE GEBHART, (Tax No. 901595); Police Officer SONIA CHRISTIAN, (Shield No. 3066); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
----------------------------------------------------------------- X

FIRST AMENDED COMPLAINT

Jury Trial Demanded

13-CV-5227(CBA)(RML)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6.    Plaintiff GEORGE PEMBERTON ("plaintiff" or "Mr. Pemberton") is a resident of Kings County in the City and State of New York.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.    Defendant Police Officers JUDE GEBHART ("Gebhart") and SONIA CHRISTIAN ("Christian"), at all times relevant herein, were officers, employees and agents of the NYPD.  Defendant Gebhart and Christian are sued in their individual and official capacities.

9.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On May 18, 2013, at approximately 8:15 p.m., plaintiff was in the vicinity of 123-13 145th Street, Jamaica, New York.

13. Plaintiff called the police because he and his landlord had gotten into a verbal dispute. Defendants Christian and Gebhart responded to plaintiff's call.

14. Defendant Christian was rude to plaintiff, so plaintiff asked to speak with the officer's partner.

15. Apparently angered by this request, the Christian cursed at plaintiff.

16. The defendant officers then left the residence, got into their car, and began to leave.

17. Plaintiff took pictures of the officers as they left.

18. When the officers saw plaintiff taking pictures, they got out of their car and assaulted him.

19. Specifically, Christian ran behind claimant and choked him.

20. Once on the ground, Christian and Gebhart, kicked plaintiff in the face and all over his body.

21. The officers then seized plaintiff's phone and handcuff him excessively tightly.

22. Plaintiff told the officers that the handcuffs were causing him pain and asked them to loosen the handcuffs, but they refused.

23. Defendants then transported plaintiff to the police precinct where he lost consciousness.

24. The officers ignored his pleas for medical attention.

25. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit crimes and offenses.

26. At no time did the officers observe plaintiff commit any crimes or offenses.

27. He was arraigned and was charged with disorderly conduct, obstruction of governmental administration and resisting arrest.

28. After nearly twenty-four (24) hours in custody he was released. Upon release, he sought medical treatment for his injuries.

29. His criminal case was subsequently adjourned in contemplation of dismissal.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

39. Plaintiff was conscious of his confinement.

40. Plaintiff did not consent to his confinement.

41. Plaintiff's confinement was not otherwise privileged.

42. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

43. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against Plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants issued legal process to place Plaintiff under arrest.

51. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

52. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Unreasonable Force**

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
**State Law Assault and Battery**

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

59. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

60. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Failure To Intervene

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring/Training/Retention

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

67. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

68. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### First Amendment Retaliation

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak

freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

73. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

74. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## ELEVENTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

77. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

78. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: March 10, 2014
New York, New York

      /ss/
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

Attorney for plaintiff